## James C. Grout *versus* Lemuel Nichols.

It is the province of a Judge, at *Nisi Prius*, to state to the jury the claim set up by each of the parties, as disclosed by the evidence, and to instruct them upon the law applicable thereto.

It is competent for the presiding Judge to instruct the jury as to the legal effect of any one of several facts relied upon to establish a waiver; leaving it to the jury to pass upon the general question from all the evidence in the case.

On Exceptions from *Nisi Prius*, APPLETON, C. J., presiding.

The facts appear in the opinion.

*J. Crosby*, for the plaintiff.

1. In giving the statement, the presiding Judge wholly omitted all the material circumstances outside of the express testimony of the witnesses.

2. It was the province of the jury to say what the evidence on the part of the parties respectively proved. *Copeland* v. *Hall*, 29 Maine, 93.

3. The Judge should not have stated the case. He might have informed the jury what the parties respectively *contended* for; but to state absolutely the case of the respective parties was assuming the province of the jury.

4. Whether the evidence in a given case establishes a waiver of any legal right by a party, is a question of fact. *Fox* v. *Harding*, 7 Cush., 516; *Hill* v. *Hobart*, 16 Maine,

164; *Smith* v. *Gugerty*, 4 Barb., (S. C.,) 614; *Gerrish* v. *Norris*, 9 Cush., 167; *Thayer* v. *Wadsworth*, 19 Pick., 349.

5. The instruction "that the neglect to call for the wagon on July 1, was not a waiver," took this main fact from among the others, tending to prove a waiver, from the jury.

6. If the instruction was *true* as an *abstract* proposition, it was *erroneous under the circumstances*, because it tended to mislead the jury. *Osgood* v. *Lansil*, 33 Maine, 360; *Woodman* v. *Chesley*, 39 Maine, 45; *Prescott* v. *Hobbs*, 30 Maine, 345; *Jackson* v. *Bowker*, 4 Met., 235; *Allen* v. *Cooper*, 22 Maine, 133; *Mansfield* v. *Corbin*, 2 Cush., 151; *Pond* v. *Williams*, 1 Gray, 630.

*Geo. W. Whitney*, for the defendant.

DICKERSON, J.—Assumpsit for the price of a wagon and a second count for not accepting a wagon made for defendant, according to a special contract. The bill of exceptions shows that the presiding Judge " stated to the jury, that, *in substance*, the plaintiff's statement of the case was, that he agreed to make for defendant a wagon similar to the one sold to H. K. Dexter, with certain alterations; that no price was fixed; that no particular body was selected by the defendant; that defendant was to have one of five wagon bodies, and that the plaintiff was to get it. done as soon as he could;—that. defendant's statement of the contract was, that the plaintiff was to make a wagon for him, similar to Dexter's, with certain alterations; that a particular body was selected, and agreed to be finished; that the price was to be the same as for Dexter's wagon, $130, with the addition of the extra expense, except for the couplings, and that it was to be finished by the first day of July; that either bargain, if proved, was mutually binding; that the question for the jury was, which statement was correct, and they could render their verdict accordingly; that, according to the defendant's statement of the case, *time* was of the essence of the contract; that, if they found that the contract was

Grout *v.* Nichols.

that the wagon was to be completed by the first day of July, defendant was not liable, unless the plaintiff had the wagon ready for delivery, or the defendant had waived the delivery at that time, and that the neglect of the defendant to call for the wagon on the first day of July would not be a waiver of the condition that the wagon was to be completed on that day."

The verdict was for the defendant, and the plaintiff's counsel filed exceptions to the Judge's statement of the case, and also to his ruling upon the subject of waiver. He complains that the presiding Judge invaded the province of the jury in making a statement of the claims of the respective parties, as indicated by the evidence. The summing up by the presiding Judge upon this point does not purport to comprise the whole of the ground set up and relied upon by the parties, but only *the substance* of it. It is simply a general statement of the theory of both parties, as indicated by the evidence, without intimating an opinion as to the correctness of either theory, or the preponderance of the evidence. Nor is it seriously claimed that this statement is essentially erroneous. Indeed there is sufficient evidence reported in the bill of exceptions to show the substantial correctness of the Judge's statement. The jury were distinctly told that it was for them to determine which statement was correct. The plaintiff and defendant differed as to the *time* when the wagon was to be completed, the one contending that no time was fixed, and the other that it was to be completed on the first day of July. The wagon was not finished on the first day of July; hence, according to the defendant's view of the contract, *time* was material, and the Judge so instructed the jury. It is the province of a Judge at *Nisi Prius* to state to the jury the claims set up by the parties, as disclosed by the evidence, and to instruct them upon the law applicable thereto. Oftentimes, and especially when there is a large amount of evidence, and the questions at issue are somewhat involved, such clear and concise statement by the presiding Judge affords the jury an unerring

guide to the truth. The plaintiff has no cause of complaint in this particular.

Nor do we perceive any error in the instructions upon the subject of waiver. The plaintiff claimed that the defendant waived his right to have the wagon completed on the first day of July, and the Judge instructed the jury that the neglect of the defendant to call for the wagon on that day was not such a waiver. The Judge did not instruct the jury that no waiver was proved, nor that such omission, with the other facts in the case, would not constitute a waiver, but that *this* was no waiver. If the contract stipulated that the wagon should be finished on a specified day, this was a precedent condition which the defendant had a right to insist upon, and the mere omission on his part to demand the wagon on that day was no waiver of this right. There was no stipulation in the contract that the defendant should call for the wagon on the day it was to be finished, nor that it was to be ready at that time provided the defendant should demand it.

The neglect of the defendant to call for the wagon on the day it was to be finished, neither relieved him from the obligation to pay for it, if it was completed at that time, nor the plaintiff from the obligation to have it done as he had stipulated. The omission of a contracting party to do what is not called for, is no waiver of his right to demand the fulfilment of what is stipulated in the contract. Whether there has been a waiver of a right in a given case depends upon the intention of the party at the time of the alleged waiver; and the law will not hold a party to intend the relinquishment of a right, solely from his failure to assert it at the moment it accrues, where such assertion is not required by the contract.

While, in general, it is the province of a jury to determine whether the evidence in a case establishes a waiver of any legal right by a party, cases may arise where the facts are so few and simple, and the acts or admissions of parties are so clear and unequivocal, that it would be the duty of

the Court to give the jury definite instructions with regard to their legal effect. So also, where there are several facts and circumstances relied upon to establish a waiver, it is competent for the Court to instruct the jury as to the legal effect of any *one* of those, leaving it for the jury to pass upon the general question of waiver from all the evidence in the case. This is precisely what the presiding Judge did in the case at bar. If the plaintiff desired further instructions, he should have requested the Judge to give them. *Hill* v. *Hobart*, 16 Maine, 164; *Fox & al.* v. *Harding & al.*, 7 Cush., 516. *Exceptions overruled, and Judgment on the verdict.*

APPLETON, C. J., KENT, BARROWS and TAPLEY, JJ., concurred.